# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| KEVIN WATKINS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | No. 20-1038-JDT-cgc |
| ) | |
| ) | |
| JACKSON POLICE DEPARTMENT, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 10, 2020, Plaintiff Kevin Watkins, III, who at the time was incarcerated at the Mark Lutrell Transition Center (MLTC) in Memphis, Tennessee, filed a *pro se* civil complaint; he later filed a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 4.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On July 1, 2020, Watkins notified the Court that he was no longer incarcerated and provided a new address. (ECF No. 6.) In response to an order directing him to do so, Watkins filed a non-prisoner *in forma pauperis* affidavit. (ECF No. 8.) The Court granted the motion on July 21, 2020. (ECF No. 9.)

Watkins sues the Jackson, Tennessee, Police Department (JPD) and JPD Detective R. Groves. Watkins alleges that he gave a statement to Groves on March 18, 2016, about an unspecified crime. He asserts that while he "was in handcuffs Groves conducted an audio recording of our conversation and stated he would write every thing [sic] from the recorded

statement into writing. I stated that was ok because I couldn't read or write at the time." (*See* ECF No. 1 at PageID 6-8.)

In June 2019, Watkins arrived at the MLTC and allegedly "was informed by residents that I gave a statement on Thadus Wilkes." (*Id.* at PageID 6.) Though Watkins told the other inmates that he did not give a statement about Wilkes, he was shown a copy of the statement that Groves had written on March 18, 2016, which allegedly was "being passed around the prison systems in Tennessee Department of Correction[] Facility." (*Id.*) Watkins asserts the statement that Groves prepared "contains false information regarding the involvement of Thadus Wilkes." (*Id.*) Watkins told the inmates the statement was not true, but the residents at the MLTC allegedly told Watkins that Wilkes was "going to do something to me and my family because of the false allegation about him in the written statement." (*Id.*)

Watkins contends he "never told Detective R. Groves that Thadus Wilkes was involved in the crime," but that Groves deliberately included false information in the statement "to cause my family and I harm." (*Id.* at PageID 6-7.) He asserts the false information "need[s] to be corrected to prevent harm and/or future harm." (*Id.* at PageID 7.) Watkins also alleges the JDP "has a custom/policy/usage that allow the[ir] employees to put false allegations into statements" of arrestees who cannot read or write. (*Id.*)

Watkins seeks "compensatory and punitive damages for emotional distress and/or mental anguish." (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Watkins filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

For the reasons explained below, Watkins's complaint fails to state a claim for which relief may be granted.

Watkins's claims against the JPD and any official capacity claims against Groves are treated as claims against the City of Jackson. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991). However, Watkins has no claim against the City. For such municipal liability claims, Watkins must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Jackson. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978). Specifically, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Under these principles, Watkins's official capacity claims against Groves must: (1) identify the relevant policy; (2) connect the policy to the City of Jackson itself; and (3) show that the particular injury was incurred because of the execution of that policy. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992); *Garner*, 8 F.3d at 363-64.

Watkins alleges in a conclusory manner that the JPD has a "custom/policy/usage" that allows employees to include false information in the statements of arrestees who cannot read or write. (ECF No. 1 at PageID 7.) However, the only factual support for the existence of such a policy or custom is Watkins's allegation that Groves falsified the statement in this particular instance. He does not allege that either the JPD administration or the City was on notice of any recurring instances of such conduct or even that they had notice of Groves's alleged conduct with regard to Watkins's own statement. Watkins thus does not sufficiently allege the existence of a policy or custom.

As to individual capacity allegations against Groves, Watkins also does not state a claim for relief. There is no general constitutional right to a totally accurate statement or transcript in a criminal matter. *See, e.g., Madden v. Calvert*, No. 1:16-CV-P147-GNS, 2017 WL 4366746, at *6 (W.D. Ky. Sept. 29, 2017) (citing *Carpenter v. Vaughn*, 296 F.3d 138, 155 (3d Cir. 2002)). Moreover, Watkins does not allege that he was actually *harmed* by the allegedly false statement. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless Watkins suffered an actual

injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

Watkins does not allege that Groves took his statement in violation of his Fourth Amendment rights or that Groves sought to maliciously prosecute him with false information. Watkins alleges, at most, that he fears future injury to him and his family because inmates in "the prison systems" believe he implicated Wilkes in a crime. (*Id*. at PageID 6-7.) Fear of such speculative injury is not sufficient to support a claim under 42 U.S.C. § 1983.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Watkins should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Watkins's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED.

**Any amended complaint must be filed within twenty-one days after the date of this order, on or before October 28, 2020.** Watkins is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient

facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Watkins fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE